| | |
|---|---|
| CIT AND COUNTY OF DENVER, DENVER DISTRICT COURT<br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED: August 17, 2015 4:51 PM<br>FILING ID: BA4FAE0D1ED01<br>CASE NUMBER: 2015CV32932 |
| **Plaintiff: MARK VOGLER**<br><br>v.<br><br>**Defendants: STEPHEN NALTY and LYFT, INC.** | **COURT USE ONLY** |
| *Attorney for Plaintiff*<br><br>Michael Nimmo<br>HILLYARD, WAHLBERG, KUDLA, SLOANE & WOODRUFF, LLP<br>4601 DTC Boulevard, Suite 950<br>Denver, CO 80237<br>Telephone: 303/ 571-5302<br>Fax: 303/ 571-1806<br>Atty. Reg. 36947<br>e-mail: michael@denvertriallawyers.com | Case Number:<br><br>Courtroom: |
| **COMPLAINT AND JURY DEMAND** | |

The Plaintiff herein, by and through his attorney Michael Nimmo of the law offices of HILLYARD, WAHLBERG, KUDLA, SLOANE & WOODRUFF, LLP, file this Complaint and Jury Demand and states unto the Court as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Mark Vogler was in Denver, Colorado when he was injured.

2. Upon information and belief, at all times material hereto, Defendant, Stephen Nalty was a Colorado resident.

3. Upon information and belief, at all times material hereto, Defendant Stephen Nalty was driving his vehicle as an employee and or agent of Defendant Lyft, Inc.

4. Defendant Lyft, Inc., is a foreign corporation, registered to do business in the state of Colorado and was conducting business in Colorado at all times material hereto.

5. The tort occurred in Denver, Colorado and therefore venue is proper pursuant to C.R.C.P. 98(c), in Denver County.

## GENERAL ALLEGATIONS

6. On February 8, 2015, upon information and belief, Defendant Nalty was working as an agent and or employee for Defendant Lyft, Inc. as a driver.

7. On February 8, 2015, Defendant Nalty, was driving his car with passengers on behalf of Lyft, Inc.

8. On February 8, 2015, at approximately 5:25 p.m. Mr. Vogler was walking southeast in a crosswalk on Lawrence Street at the intersection of 15th Street in Denver, Colorado.

9. On February 8, 2015, Defendant Nalty was driving his vehicle with Lyft passengers northeast on Lawrence Street at the intersection of 15th Street in Denver, Colorado.

10. On February 8, 2015, at approximately 5:25 p.m., Defendant Nalty failed to stop at the red traffic signal for northeast-bound traffic on Lawrence Street at the intersection of 15th Street.

11. On February 8, 2015, at approximately 5:25 p.m., Defendant Nalty failed to stop at the red traffic signal and struck Mr. Vogler with his vehicle, when Mr. Vogler was crossing Lawrence Street in a crosswalk in a northwest direction with a walk signal.

12. Defendant Nalty admitted at the scene of the collision that he tried to go around a car that was not turning at the red light and hit a pedestrian.

13. On February 8, 2015, at approximately 5:25 p.m., Mr. Vogler was injured and suffered damages as a direct and proximate result of the actions of Defendant Nalty.

14. Defendant Lyft, Inc. is liable for the conduct of Defendant Nalty.

15. Mr. Vogler was not comparatively negligent on February 8, 2015, when he was struck by Defendant Nalty's vehicle.

WHEREFORE, Plaintiff prays for further relief as set forth below.

## FIRST CLAIM FOR RELIEF
*Negligence*

16. Plaintiff incorporates paragraphs 1 through 15 as fully set forth herein.

17. Defendant Nalty had a duty to drive his car carefully and reasonably on February 8, 2015.

18. Defendant Nalty had a duty to stop at the red traffic signal on Lawrence Street on February 8, 2015.

19. Defendant Nalty had a duty to yield to Mr. Vogler while in a crosswalk with a walk signal on February 8, 2015.

20. Defendant Nalty had a duty to not strike Mr. Vogler with his vehicle.

21. Defendant Nalty breached his duty of care by failing to stop at the red traffic signal on Lawrence Street at 5:25 p.m. on February 8, 2015.

22. Defendant Nalty breached his duty by failing to yield the right of way to Mr. Vogler while he was in a crosswalk on Lawrence Street with a walk signal at 5:25 p.m. on February 8, 2015.

23. Defendant Nalty breached his duty of care by striking Mr. Vogler with his vehicle on February 8, 2015, at approximately 5:25 p.m.

24. Defendant Nalty breached his duty of care by driving unreasonably and carelessly on February 8, 2015, at approximately 5:25 p.m. on Lawrence Street at the intersection of 15th Street in Denver, Colorado.

25. As a direct and proximate result of the negligent acts and/or failures to act of Defendant Nalty as described above, Plaintiff Mark Vogler suffered severe injuries and damages.

26. As a further direct and proximate result of the negligent acts and/or failures to act of Defendant Nalty as described above, Plaintiff Mark Vogler has incurred past and future damages including but not limited to past and future medical expenses, lost wages, pain and suffering, permanent physical impairment, a loss of enjoyment of life, and emotional stress.

27. Defendant Lyft, Inc. is the principal and/or employer of Defendant Nalty and is therefore liable for the negligence of Defendant Nalty.

WHEREFORE, Plaintiff prays for further relief as set forth below.

## SECOND CLAIM FOR RELIEF
*Negligence Per Se*

28. Plaintiff incorporates paragraphs 1 through 27 as fully set forth herein.

29. On February 8, 2015, the State of Colorado had statutes, ordinances, codes, and laws regulating operation of a motor vehicle.

30. On or about February 8, 2015, Defendant Nalty drove carelessly by failing to stop at a red traffic signal and struck Mr. Vogler while he was in a crosswalk with a walk signal in violation of C.R.S. § 14-4-1402(2)(B).

31. Plaintiff is a member of the class which C.R.S. § 14-4-1402(2)(B) seeks to protect.

32. The injuries which Plaintiff suffered are those which C.R.S. § 14-4-1402(2)(B) seeks to prevent.

33. As a direct and proximate result of Defendant's violation of C.R.S. § 14-4-1402(2)(B) Plaintiff suffered injuries and damages as previously set forth herein.

34. Defendant Nalty's conduct amounts to Negligence *Per Se* and Plaintiff sustained injuries and damages as a result of Defendant Nalty's Negligence *Per Se* conduct.

35. Defendant Nalty is liable to Plaintiff for his Negligence *Per Se* conduct.

36. Defendant Lyft, Inc., as principal and/or employer of Defendant Nalty, is liable to Plaintiff for Defendant Nalty's *Negligence per se* conduct.

    WHEREFORE, Plaintiff prays for judgment against Defendant Nalty and Defendant Lyft, Inc. for money damages, including, but not limited to, past and future pain and suffering, past and future emotional distress, past and future loss of enjoyment of life, past and future economic losses, past and future non-economic losses, past and future permanent physical impairment, past and future medical expenses, past and future lost wages, pre-judgment interest from the date the action accrued (date of the collision) as set forth in C.R.S. § 13-21-101, costs, fees and further relief as permitted by law.

    **DATED:** August 17, 2015

    Respectfully submitted,

    HILLYARD, WAHLBERG, KUDLA, SLOANE
    & WOODRUFF, LLP

4

 

                */s/ Michael Nimmo*
                Michael Nimmo, #36947
                Attorney for Plaintiff

Plaintiff:
Mark Vogler
225 Edgewood Court
Pittsboro, IN 46167

  *In accordance with C.R.C.P. 121 '1-26(9) a printed copy of this document with signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.*

5

Exhibit A
Notice of Removal