<table>
<tr><td>DISTRICT COURT, DENVER COUNTY<br>1437 Bannock Street<br>Denver, CO 80202</td><td rowspan="2">DATE FILED: October 2, 2015 11:05 AM<br>FILING ID: 3E85BC1C25476<br>CASE NUMBER: 2015CV32932<br><br>▲ COURT USE ONLY ▲</td></tr>
<tr><td>Plaintiff: MARK VOGLER<br><br>v.<br><br>Defendant: STEPHEN NALTY and LYFT, INC.</td></tr>
<tr><td>Attorneys for Defendants<br>Ryan C. Gill, Atty. Reg. No.: 37320<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>1700 Lincoln St., Suite 4000<br>Denver, Colorado 80203<br>Phone: 303.861.7760<br>Fax: 303.861.7767<br>E-mail: ryan.gill@lewisbrisbois.com</td><td>Case No.: 2015-CV-32932<br><br>Division: 215</td></tr>
<tr><td colspan="2">DEFENDANT STEPHEN NALTY'S ANSWER TO THE COMPLAINT AND JURY DEMAND</td></tr>
</table>

Defendant Stephen Nalty, by and through his attorneys, Lewis Brisbois Bisgaard & Smith, LLP, hereby submits his answer to Plaintiff's complaint for damages and jury demand as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Stephen Nalty ("Answering Defendant") is without sufficient information to admit or deny the allegations set forth in paragraph 1 of the Complaint, and consequently denies same.

2. Answering Defendant admits he is a Colorado resident.



Exhibit D
Notice of Removal

3. Answering Defendant admits he used the Lyft application, website, and/or technology platform (collectively, the "Lyft Platform") as a "Driver" within the meaning of Lyft's terms of service at certain times on February 8, 2015. Answering Defendant denies as written the remaining allegations contained in paragraph 3, as the phrase "at all times material hereto" is not qualified or defined and Defendant is unable to form a belief regarding the truth of the allegations. The allegations in paragraph 3 concerning "employee and or agent" do not call for a response from Answering Defendant, and are legal conclusions that need not be admitted or denied.

4. Answering Defendant is without sufficient information to admit or deny the allegations in paragraph 4 of the Complaint and consequently denies same.

5. Answering Defendant admits only that venue is proper in this Court, absent facts supporting removal to federal court. Answering Defendant denies all remaining allegations contained in paragraph 5, including those relating to any conduct or liability on the part of Answering Defendant.

## GENERAL ALLEGATIONS

6. Answering Defendant admits that at certain times on February 8, 2015, he used the Lyft Platform as a "Driver" within the meaning of Lyft's terms of service. Answering Defendant denies the remaining allegations and implications in paragraph 6.

7. Answering Defendant admits that at certain times on February 8, 2015, he picked up passengers in his vehicle using the Lyft Platform as a "Driver" within the meaning of Lyft's terms of service. Answering Defendant denies the remaining allegations and implications in paragraph 7.

8. Answering Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 8 of the Complaint, and consequently denies same.

9. Answering Defendant admits that at a certain time on February 8, 2015 he was driving his vehicle northeast on Lawrence Street at the intersection of 15th Street with passengers he picked up using the Lyft Platform.

10. Denied.

11. Answering Defendant denies that he failed to stop at a red traffic signal at the intersection of Lawrence and 15th street. Answering Defendant admits that a pedestrian appeared suddenly in the cross walk as he as turning onto 15th street. Answering Defendant admits upon exiting the vehicle, an individual was sitting on the pavement holding his knee with both hands. All remaining allegations in paragraph 11 are denied.

12. Answering Defendant denies admitting that he tried to “go around a car that was not turning at the red light.” Answering Defendant further denies that the statement to that effect contained in the police report is accurate.

13. Answering Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 13 of the Complaint, and consequently denies same.

14. The allegations in paragraph 14 do not call for a response from Answering Defendant, and are legal conclusions that need not be admitted or denied.

15. Answering Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 15 of the Complaint, and consequently denies same.

## FIRST CLAIM FOR RELIEF
***Negligence***

16. In answer to paragraph 16, Answering Defendant incorporates its answers to the allegations contained in paragraphs 1-15.

17. The allegations in paragraph 17 are legal conclusions that need not be admitted or denied. To the extent Plaintiff alleges that Answering Defendant breached any legal duty or is otherwise liable to Plaintiff, the allegations are denied.

18. The allegations in paragraph 18 are legal conclusions that need not be admitted or denied. To the extent Plaintiff alleges that Answering Defendant breached any legal duty or is otherwise liable to Plaintiff, the allegations are denied.

19. The allegations in paragraph 19 are legal conclusions that need not be admitted or denied. To the extent Plaintiff alleges that Answering Defendant breached any legal duty or is otherwise liable to Plaintiff, the allegations are denied.

20. The allegations in paragraph 20 are legal conclusions that need not be admitted or denied. To the extent Plaintiff alleges that Answering Defendant breached any legal duty or is otherwise liable to Plaintiff, the allegations are denied.

21. The allegations in paragraph 21 are legal conclusions that need not be admitted or denied. Answering Defendant denies that he failed to stop at the red traffic signal at the intersection of Lawrence and 15th street.

22. The allegations in paragraph 22 are legal conclusions that need not be admitted or denied. Answering Defendant denies that he failed to stop at a red traffic signal at the intersection of Lawrence and 15th street. Answering Defendant admits only that upon exiting the vehicle after a pedestrian appeared suddenly, he observed an individual sitting on the pavement holding his knee with both hands. Answering Defendant is without independent information

sufficient to admit or deny the remaining allegations in paragraph 22 of the Complaint and consequently denies same.

23. The allegations in paragraph 23 are legal conclusions that need not be admitted or denied. Answering Defendant admits only that upon exiting the vehicle after a pedestrian appeared suddenly, he observed an individual sitting on the pavement holding his knee with both hands. Answering Defendant is without independent information sufficient to admit or deny the remaining allegations in paragraph 23 of the Complaint and consequently denies same.

24. The allegations in paragraph 24 are legal conclusions that need not be admitted or denied. Answering Defendant denies driving unreasonably and carelessly on the date in question.

25. Answering Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 25 of the Complaint concerning the alleged nature, extent and cause of Plaintiff's alleged injuries and damages, and consequently denies same.

26. Answering Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 26 of the Complaint concerning the alleged nature, extent and cause of Plaintiff's alleged injuries and damages, and consequently denies same.

27. The allegations in paragraph 27 do not call for a response from Answering Defendant, and are legal conclusions that need not be admitted or denied.

## SECOND CLAIM FOR RELIEF
### *Negligence Per Se*

28. In answer to paragraph 28, Answering Defendant incorporates its answers to the allegations contained in paragraphs 1-27.

29. The allegations in paragraph 29 are legal conclusions that need not be admitted or denied.

30. The allegations in paragraph 30 concerning an alleged statutory violation are legal conclusions that need not be admitted or denied. Further, the statutory allegation cannot be answered as "C.R.S. § 14-4-1402(2)(B)" does not exist.

31. The allegations in paragraph 31 are legal conclusions that need not be admitted or denied. Further, the statutory allegation cannot be answered as "C.R.S. § 14-4-1402(2)(B)" does not exist. Answering Defendant denies as written the remaining allegations contained in paragraph 31, as the phrase "member of the class" is not qualified or defined and Defendant is unable to form a belief regarding the truth of the allegations.

32. The allegations in paragraph 32 are legal conclusions that need not be admitted or denied. Further, the statutory allegation cannot be answered as "C.R.S. § 14-4-1402(2)(B)" does not exist. Answering Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 32 of the Complaint concerning the alleged nature, extent and cause of Plaintiff's alleged injuries and damages, and consequently denies same.

33. The allegations in paragraph 33 are legal conclusions that need not be admitted or denied. Further, the statutory allegation cannot be answered as "C.R.S. § 14-4-1402(2)(B)" does not exist. Answering Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 33 of the Complaint concerning the alleged nature, extent and cause of Plaintiff's alleged injuries and damages, and consequently denies same.

34. The allegations in paragraph 34 are legal conclusions that need not be admitted or denied. Further, the negligence per se allegation cannot be answered as "C.R.S. § 14-4-1402(2)(B)" does not exist. Answering Defendant is without sufficient information to admit or

deny the allegations set forth in paragraph 34 of the Complaint concerning the alleged nature, extent and cause of Plaintiff's alleged injuries and damages, and consequently denies same.

35. The allegations in paragraph 35 are legal conclusions that need not be admitted or denied. Further, the negligence per se allegation allegation cannot be answered as "C.R.S. § 14-4-1402(2)(B)" does not exist.

36. The allegations in paragraph 27 do not call for a response from Answering Defendant, and are legal conclusions that need not be admitted or denied. Further, the negligence per se allegation allegation cannot be answered as "C.R.S. § 14-4-1402(2)(B)" does not exist.

In answer to the Prayer for Relief, Answering Defendant denies that Plaintiff is entitled to any damages or relief of any kind.

## AFFIRMATIVE DEFENSES

1. Answering Defendant denies any allegations contained in Plaintiff's Complaint which were not specifically addressed in the above paragraphs of this Answer.

2. Plaintiff's complaint fails to state a claim against Answering Defendant upon which relief can be granted.

3. Plaintiff's claims are barred in whole or in part by Plaintiff's sole or contributory negligence and the provisions of C.R.S. § 13-21-111.

4. Plaintiff claims against Defendant are barred in whole or in part by the percentage of negligence or fault attributed to such third parties pursuant to Colo. Rev. Stat. § 13-21-111.5

5. Plaintiff's claims are barred in whole or in part by the collateral source rule and C.R.S. § 13-21-111.6.

6. Plaintiff's claims are barred in whole or in part by assumption of the risk and C.R.S. § 13-21-111.7.

7. Answering Defendant asserts all rights under the Uniform Contribution Among Tortfeasors Act, C.R.S. §13-50.5-101 et. seq.

8. Plaintiff's non-economic damages, if any, are limited by C.R.S. § 13-21-102.5.

9. Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate damages, if any.

10. The alleged injuries and damages, if any, may have existed before the occurrence complained of and recovery therefore shall be precluded or diminished as required by law.

11. Plaintiff's damages, if any, are too speculative to support any award.

12. Plaintiff's claims are barred in whole or in part by settlement, accord and satisfaction, waiver, estoppel and release.

13. Plaintiff's claims are barred in whole or in part by the lack of proximate causation between Defendant's alleged acts, omissions and knowledge and/or the condition of the property and the alleged harm, and by preceding, superseding and intervening cause and events.

14. Plaintiff's claims are barred in whole or in part by his own acts, omissions and conduct.

15. Plaintiff's claims are barred in whole or in part by the conduct, acts and omissions of other third parties over which Answering Defendant had no control or right to control.

16. Plaintiff's injuries and damages, if any, were proximately caused by a sudden emergency, not created by these defendants.

17. Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

18. That the Plaintiff's claims for damages may be offset in whole or in part for the receipt of benefits, including Medpay benefits or Medicaid benefits.

19. Answering Defendant reserves the right to assert any additional affirmative defenses or to withdraw one or more of the defenses set forth above as appropriate after further investigation and discovery pursuant to the Colorado Rules of Civil Procedure.

DEMAND FOR TRIAL BY JURY

Defendant hereby demands a trial by jury on all issues and claims so triable.

DATED: October 1, 2015

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: *s/ Ryan C. Gill*
Ryan C. Gill, #37320
1700 Lincoln St., Suite 4000
Denver, Colorado 80203
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of October, 2015, I presented the foregoing DEFENDANT STEPHEN NALTY'S ANSWER TO THE COMPLAINT AND JURY DEMAND was filed electronically via ICCES which will send notification of the filing to all counsel of record, including the following:

Michael Nimmo
HILLYARD, WAHLBERG, KUDLA,
SLOANE & WOODRUFF, LLC.
4601 DTC. BLVD, Ste. 950
Denver, CO 80237
*Attorneys for Plaintiff*

*s/Marian Mesta*