IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-02569-PAB

MARK VOGLER,

    Plaintiff,

v.

STEPHEN NALTY,
LYFT, INC., a Delaware corporation,

    Defendants.

---

## ORDER

---

In every case and at every stage of a proceeding, a federal Court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City and Cnty. of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). Therefore, the Court takes up this matter *sua sponte* on the Notice of Removal filed by defendants Lyft, Inc. and Stephen Nalty on November 23, 2015 [Docket No. 1]. Defendants seek to remove a personal injury action filed against them on August 17, 2015 in the District Court for the City and County of Denver, Colorado by plaintiff Mark Vogler (the "state court action").[1] Docket No. 1 at 1.

As grounds for removal, defendants state that this Court has original subject matter jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1332(c). Docket No. 1

---

[1] Case No. 2015CV32932.

at 2, ¶ 9.  Defendants assert that, for purposes of diversity jurisdiction, plaintiff is a citizen of Indiana, *Id*. at 2-3, ¶ 10, defendant Stephen Nalty is a citizen of Colorado, *id*. at 3,  ¶ 11, and that defendant Lyft is a citizen of California and Delaware.  *Id*., ¶ 12.

The remand of cases removed to federal court is governed by 28 U.S.C. § 1447(c).  *See, e.g., Miller v. Lambeth*, 443 F.3d 757, 759 (10th Cir. 2006).  Section 1447(c) states, in pertinent part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c)

"In addition to the requirements of original jurisdiction, § 1441(b)(2) lays out the 'forum-defendant rule,' which provides that a case may not be removed on the basis of diversity jurisdiction if any defendant is a citizen of the state in which the state-court action was brought."  *Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1248 (D.N.M. 2014) (citing *Brazell v. Waite*, 525 Fed. App'x 878, 884 (10th Cir. 2013) (unpublished) ("[W]e note that § 1441(b)(2)–the so-called forum-defendant rule–provides as a separate requirement that '[a] civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" (quoting 28 U.S.C. § 1441(b)(2))).

Defendant Stephen Nalty is a citizen of Colorado.  Therefore, removal is improper under the forum-defendant rule and this case must be remanded.  "[T]he violation of the forum defendant rule is a jurisdictional defect and not a mere procedural irregularity capable of being waived."  *Horton v. Conklin*, 431 F.3d 602, 605 (8th Cir.

2005).

For the foregoing reasons, it is

**ORDERED** that this action is remanded to the District Court for the City and County of Denver, Colorado where it was filed as Case No. 2015CV32932.

DATED December 14, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge